KAM CHIN CHUN MING, KAM HON HO, KAM YEE TING, KAM MAN HO, KAM KONG HO, AND YOUNG TIM HO *v.* KAM HEE HO, EXECUTOR UNDER THE WILL AND OF THE ESTATE OF HO POI, DECEASED, KAM MOON KAM, KAM YIN ENG, KAM MEE CHAR, KWAN HEEN HO, KAM HOU WONG, KAM LO HO, KAM YIP CHOCK, KAM SUNG DOTT, HOON CHEONG MOCK, AND KOON CHUNG BERTELMANN.

No. 4094.

JULY 6, 1962.

TSUKIYAMA, C.J., CASSIDY, WIRTZ AND LEWIS, JJ., AND CIRCUIT JUDGE KING IN PLACE OF MIZUHA, J., DISQUALIFIED.

*Per Curiam.* Ten respondents-appellees, called "the ten" in our opinion, have filed a petition for rehearing. The matters presented in the petition were fully considered in our opinion, and accordingly the petition is denied. Comment, however, on one point may be in order.

In our opinion we took up the issue of consideration only with respect to the real estate, and the income therefrom that had not been accounted for in 1948. With respect to those matters the agreement of May 17, 1948 has not been carried out, this being the result of our holding that, as to those matters, the order of July 6, 1948 did not have the effect of a judgment. The cases as to consideration cited in support of the petition for rehearing are inapposite. We have made no holding as to the issue of consideration with respect to the portion of the agree-

ment that was carried out by the order of July 6, 1948. It will be for the probate court to consider the pertinency of this issue and the law applicable thereto in passing on the effect of the order of July 6, 1948 with respect to the personal property and the income shown by the accounts approved by that order, subject of course to our holding that as to distributions thereof already made extrinsic fraud must be shown.

Kam Hee Ho also has filed a petition for rehearing in which he mistakenly describes himself as an appellant and seeks to amend his answer, disavow the family settlement, and align himself with the other six members of the seven. We have held that each of the seven was contracting separately from the others and each was contracting only in his own behalf. It appears from the record that there may be differentiating facts and circumstances in Kam Hee Ho's case. In the court below no issue was joined as to his right to rescind the family settlement or to set aside the order of July 6, 1948. The record does not call for our decision on his rights. Whatever rights he may have are not foreclosed by our holding. This petition also is denied.